KAREN L. LOEFFLER
United States Attorney

RETTA-RAE RANDALL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: rettarae.randall@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. |
| | ) | |
| Plaintiff, | ) | COUNT 1: |
| | ) | FINANCIAL INSTITUTION FRAUD |
| vs. | ) |   Vio. of 18 U.S.C. §1344(2) |
| | ) | |
| LEE E. BAKER, JR., | ) | COUNTS 2 - 13: |
| | ) | FALSE STATEMENTS TO |
| Defendant. | ) | INFLUENCE A FINANCIAL |
| | ) | INSTITUTION |
| | ) |   Vio. of 18 U.S.C. § 1014 |
| | ) | |
| | ) | COUNT 14: |
| | ) | MONEY LAUNDERING |
| | ) |   Vio. of 18 U.S.C. § 1957 |
| | ) | |
| | ) | |

I N D I C T M E N T

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1. Discovery Construction, Inc. ("DCI"), was a construction company specializing in building residential real estate. Lee E. Baker, Jr. ("Baker") was the president of DCI in 2002, and became the 100% shareholder sometime in 2003.

2. Denali Alaskan Federal Credit Union ("DAFCU") is a financial institution, the accounts of which are insured by the National Credit Union Administration ("NCUA").

## LAKE VIEW ESTATES

### COUNT 1: Financial Institution Fraud

3. Paragraphs 1 and 2 of this Indictment are hereby realleged in their entirety and incorporated by reference herein.

4. In or about November 2002, and October 2003, DCI, through its president Lee E. Baker, Jr., purchased two contiguous parcels of property located in Wasilla, Alaska, from the then owners for a total price of $370,000. At some later date, but at least by February 2005, Baker acting through DCI decided to construct a duplex condominium construction project consisting of 52 units on the Wasilla parcels owned by DCI (hereinafter "Lake View Estates").

## THE SCHEME

5. Beginning on or about February 2005, continuing thereafter through on or about March 2005, within the District of Alaska, the defendant, LEE E. BAKER, JR.

knowingly executed, and attempted to execute, a material scheme and artifice to obtain money and property by means of material false and fraudulent pretenses, promises and representations.

## PURPOSE OF THE SCHEME

6.The purpose of the scheme was to obtain money for DCI from DAFCU for discretionary use by DCI unrelated to Lake View Estates by use of material false and fraudulent statements and actions designed to cause DAFCU to include funds for a sham sale of Lake View Estates by Baker to DCI in the development loan sought and obtained by DCI.

## MANNER AND MEANS

7.The manner and means by which BAKER carried out the scheme to cause DAFCU to overfund the loan to develop Lake View Estates was primarily through the creation of a sham sale of Lake View Estates from Baker to DCI as follows:

a.On or about February 8, 2005, Baker caused DCI to quit claim Lake View Estates to Baker. No money changed hands in this transaction.

b.Just a few days later, on or about February 11, 2005, DCI applied to DAFCU for a loan to "purchase and develop" Lake View Estates. As part of that application, Baker, as president of DCI, caused DCI to misrepresent to DAFCU that DCI needed $1,400,000 to purchase the property when, in truth and fact, as Baker concealed from DAFCU, DCI had been the titled owner of the property until just a few days before

the loan request, had transferred the property to Baker, and the money allocated for the purchase of Lake View Estates was, in fact, for use by Baker to reduce his debt to DCI.

8. As a result of Baker's material false and fraudulent representations and promises, on or about March 2, 2005, in the District of Alaska, the defendant, LEE E. BAKER, JR., knowingly executed, or attempted to execute the above described material scheme to obtain money and property under the custody or control of DAFCU, a financial institution, the accounts of which are insured by the NCUA, causing DAFCU to grant DCI a loan of $1,747,200.00 for purchase and development of Lake View Estates.

All of which is in violation of Title 18, United States Code, Section 1344(2).

## BRYN MAWR

### COUNTS 2 -13: False Statements

9. Paragraphs 1 and 2 of this Indictment are hereby realleged and incorporated by reference herein.

10. On or about June 30, 2004, Baker purchased an area of land of approximately 131,088 square feet located at 4800 - 4801 Bryn Mawr Court in Anchorage, Alaska for $780,000. Thereafter, Baker, through DCI, created a plan to build the Bryn Mawr Apartments, an apartment project consisting of 85 units to be located on the above land (hereinafter "Bryn Mawr").

11. On or about September 12, 2005, DCI then obtained a purchase and construction loan of $9,448,000 from DAFCU for the purchase from Baker, and development and construction of this project. As part of the loan agreement and the

policies and practices of DAFCU, draws on the construction loan could only be made upon certification by DCI that the work set forth in the draw request had been completed. This requirement was designed to provide funds as needed while protecting DAFCU by limiting the percentage of loan funds expended to roughly the percentage of completed work.

12. On or about the dates set forth below, in the District of Alaska, the defendant LEE E. BAKER, JR., knowingly made and caused to be made material false statements for the purpose of influencing the actions of DAFCU, a financial institution the accounts of which were insured by the NCUA, in connection with the construction loan he had obtained to develop the Bryn Mawr project in Anchorage, Alaska, in that BAKER caused false and fraudulent Draw Requests to be submitted to DAFCU in support of his requests for disbursements from the loan, to wit: he certified a description of work completed with associated dollar amounts expended, when, in truth and fact, as BAKER well knew, the documents misrepresented the status of the construction in the draw requests because the work certified was not completed as indicated, with each submission for each document identified by date of the draw request and the total amount from column labeled "Total Compl. To Date" as a separate and distinct count.

| Count | Date of Draw Request | Total Amount From Column Labeled "Total Compl. To Date" |
|---|---|---|
| 2 | September 12, 2005 | $ 1,318,900 |
| 3 | October 5, 2005 | $ 2,137,537 |

| 4  | December 5, 2005  | $ 2,379,537 |
| 5  | January 4, 2006   | $ 2,479,537 |
| 6  | February 6, 2006  | $ 2,553,895 |
| 7  | March 6, 2006     | $ 2,599,312 |
| 8  | April 6, 2006     | $ 2,899,312 |
| 9  | May 8, 2006       | $ 3,294,312 |
| 10 | June 6, 2006      | $ 3,644,312 |
| 11 | August 2, 2006    | $ 3,944,312 |
| 12 | October 11, 2006  | $ 4,244,312 |
| 13 | January 31, 2007  | $ 4,344,312 |

13. As a result of Baker's fraudulent actions, when Baker defaulted on the Bryn Mawr loan, DAFCU had extended substantially more funds on the loan than was supported by the work done.

All of which is in violation of Title 18, United States Code, Section 1014.

## COUNT 14:  Money Laundering

14. Paragraphs 9 - 13 of this Indictment are hereby realleged in their entirety and incorporated by reference herein.

15. On or about February 2, 2007, within the District of Alaska, LEE E. BAKER, JR., did knowingly engage in a monetary transaction by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the payment by check No. 28321 in the amount of

$100,000 drawn on account number XXXXXX8802 in the Northrim Bank to a subcontractor, such property having been derived from a specified unlawful activity, to wit, false statements to influence a financial institution, in violation of Title 18 U.S.C. § 1014.

All of which is in violation of Title 18, United States Code, Section 1957.

A TRUE BILL.

    s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ Retta-Rae Randall
RETTA-RAE RANDALL
Assistant U.S. Attorney
Attorneys for Plaintiff

s/ Karen L. Loeffler
KAREN L. LOEFFLER
United States Attorney
Attorneys for Plaintiff

DATE: 1/18/12